**HOUSEHOLD FINANCE CORPORATION,
a corporation, Appellant,**

**v.**

**TRAINING RESEARCH AND DEVELOP-
MENT, INC., Garnishee of Dor-
othy J. Wade, Appellees.**

**No. 7573.**

District of Columbia Court of Appeals.

Argued Dec. 5, 1973.

Decided March 11, 1974.

Jordan M. Spivok, Chevy Chase, Md.,
with whom Harry Protas, Robert L. Kay,
Chevy Chase, Md., and Martin S. Protas,
Columbia, Md., were on the brief, for ap-
pellant.

No appearance for appellees.

Before KELLY and GALLAGHER, As-
sociate Judges, and QUINN, Associate
Judge, retired.

KELLY, Associate Judge:

On July 19, 1972, appellant Household
Finance Corporation obtained a default
judgment against Dorothy J. Wade in the
amount of $815.74, plus interest and costs.
On August 15, 1972, a writ of attachment
on the judgment was served upon appellee
Training Research and Development, Inc.,
Wade's employer, and the garnishee an-
swered one of the interrogatories in the
writ by stating the amount of Wade's bi-
weekly gross wages and her bi-weekly dis-
posable earnings. Thereafter, on March
28, 1973, appellant moved for judgment of
recovery in the amount of $572.85 against
Training Research because of its failure to
continue to remit an amount of the em-
ployee's wages equal to the percentages
prescribed in the writ of attachment, the
garnishee having withheld and remitted
monies for only two pay periods. The mo-
tion was denied on the ground that the
garnishee's answer had been filed on Au-
gust 21, 1972, and Super.Ct.Civ.R. 69–I(e)
requires that unless an application for
judgment of recovery is made within four
weeks after answers to interrogatories are
filed, the garnishment shall lapse.[1]

1. At that time, Rule 69–I(e) [Attachment
After Judgment In General] provided:

No judgment against a garnishee under
D.C.Code (1967 edition) § 16–556 shall be

Appellant's position is that its motion for judgment of recovery was not based on a failure to file an answer, but, having answered, upon a failure of the garnishee to continue to remit percentages of the employee's wages as prescribed on the writ of attachment,[2] a circumstance to which Rule 69–I(e) is inapplicable.

■ Super.Ct.Civ.R. 69–I(e) applies to judgments of recovery against garnishees under D.C.Code 1973, § 16–556, on writs of attachment after judgment against property of the judgment debtor other than wages, salary, and commissions, in aid of execution of that judgment, and, presumably, to all writs of attachment to which answers to interrogatories are due and not filed. Particular provisions with respect to writs of attachment against wages, earnings, salary, commissions and pensions are contained in Super.Ct.Civ.R. 69–II, a rule made applicable only to attachments entered pursuant to D.C.Code 1973, § 16–572 et seq. and 15 U.S.C. 1601 et seq. (1970), the sections governing attachment and garnishment of wages.

When we look at § 16–572 et seq. of the Code we find this subchapter provides, among other things, that an attachment of wages becomes a lien and a continuing levy upon gross wages until the judgment against the debtor is satisfied (§ 16–572). The employer is required to withhold and remit to the judgment creditor "within 15 days after the close of the last pay period

of the judgment debtor ending in each calendar month, that percentage of the gross wages payable to the judgment debtor for the pay period or periods ending in such calendar month to which the judgment creditor is entitled under the terms of this section until the attachment is wholly satisfied" (§ 16–573(a) ). The judgment creditor must file every three months a receipt of the amounts collected and the balance due, file a final receipt, and vacate the attachment within twenty days after it has been satisfied (§ 16–574). If the employer-garnishee fails to pay the judgment creditor the prescribed percentages of the judgment debtor's wages, "judgment shall be entered against him for an amount equal to the percentages with respect to which the failure occurs" (§ 16–575). The attachment lapses if the judgment debtor resigns or is dismissed "unless the judgment debtor is reinstated or reemployed within 90 days after the resignation or dismissal" (§ 16–576).[3]

■ The pertinent Code provisions governing attachments and garnishments are listed above in such detail as to show the patent conflict between the statutory scheme covering this type of garnishment and a rule requiring that application for judgment of recovery be made within four weeks after the garnishee has answered the interrogatories therein else the garnishment shall lapse. The statute provides for a continuing levy against a judgment debt-

---

entered except by order of court. Applications for a judgment shall be filed within 4 weeks after the garnishee has filed answers to the interrogatories or within 4 weeks after such answers to the interrogatories are due and not filed, or within such later time as may be authorized by the court upon oral motion made within said four-week period. If no judgment of condemnation or of recovery has been applied for and entered under this rule, the garnishment shall lapse.

2. The writ states:
   AND YOU ARE HEREBY ORDERED to withhold from the gross wages, or disposable earnings, as the case may be, of the defendant . . . for the pay period or

periods ending in each calendar month, under the following schedule or computations, WHICHEVER IS LESS . . . and to pay same to [the attorneys for the judgment creditor] within 15 days after the close of the last pay period of the defendant ending in each calendar month, until said judgment, including interest, costs and other charges shall have been satisfied or until otherwise notified by this Court.

3. Training Research and Development, Inc. did not appear in the trial court nor file a brief in this court; consequently, there is nothing in the record to show whether or not the judgment debtor resigned or was dismissed and not reemployed within ninety days.

or's wages until the judgment is satisfied or until the judgment debtor resigns or is dismissed and is not reemployed within ninety days, in which case the attachment will lapse.[4] Conceivably the garnishee could withhold and remit wages for many months and then cease to do so. In any case in which remittances are made for a period in excess of four weeks the judgment creditor would, under the trial court's ruling, be precluded from pursuing his statutory remedy under § 16–575 against the garnishee if payments are stopped. This, of course, is not the intent of Rule 69–I(e) and we accordingly hold that the court erred in denying appellant's motion for judgment of recovery against the garnishee.

Reversed.

4.  D.C.Code 1973, § 16–584, provides:
    No employer shall discharge an employee for the reason that a creditor of the employee has subjected or attempted to subject unpaid earnings of the employee to garnishment or like proceedings directed to the employer for the purpose of paying a judgment.